Charles E. AUSTIN, et al., Plaintiffs,

v.

Reginald A. WILKINSON, et al., Defendants.

No. 4:01–CV–071.

United States District Court, N.D. Ohio, Eastern Division.

March 26, 2002.

---

Alice Lynd, Law Office of Straughton & Alice Lynd, Niles, OH, Bill Goodman, Center for Constitutional Rights, New York City, Jillian S. Davis, American Civil Liberties Union of Ohio, Cleveland, OH, Jules L. Lobel Pittsburgh, PA, Michael J. Benza, Law Office of Jeffry F. Kelleher, Cleveland, OH, Raymond V. Vasvari, Jr., American Civil Liberties Union of Ohio, Terry H. Gilbert, Friedman & Gilbert, Cleveland, OH, Staughton Lynd, Law Office of Staughton & Alice Lynd, Niles, OH, for plaintiffs.

Carol H. O'Brien, Joseph M. Mancini, Office of the Attorney General, State of Ohio, Corrections Litigation Section, Columbus, OH, Jeffrey A. Stankunas, Isaac, Brant, Ledman & Teetor, Columbus, OH, Marianne Pressman, Office of the Attorney General, State of Ohio, Corrections Litigation Section, Cincinnati, OH, Mark Landes, Isaac, Brant, Ledman & Teetor, Columbus, OH, for defendants.

## ORDER

GWIN, District Judge.

On February 25, 2002, the Court found that the plaintiff inmates have a liberty interest entitled to constitutional protection because the length of their placement at the Ohio State Penitentiary ("OSP"), and the severity of its restrictive conditions, imposes an atypical and a significant hardship upon the inmates. The Court held that the defendants violated the plaintiff class's right to due process by denying the plaintiffs adequate notice, adequate hearings, and sufficiently detailed decisions concerning their placement at the OSP. Because the defendants have violated the plaintiffs' constitutionally protected liberty interest, the Court orders the least intrusive means to correct the violation. *See* 18 U.S.C. § 3626(a)(1)(A).

No person shall be placed or retained at a Level 5 security classification under Policy 111–07 except in compliance with the hearing procedures set forth herein.

### I. Notice and Hearing

■ Before placing an inmate at Level 5, the defendants will provide the inmate written notice of the hearing at least forty-eight hours before the hearing. In addition to notice of the hearing, the defendants will provide the inmate with written notice of all the grounds believed to justify his placement at Level 5 and a summary of the evidence that the defendants will rely upon for the placement.[1] The written notice provided the inmate must be sufficient to "enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ The defendants must give the inmates an opportunity to appear before a classification committee and make an oral or written statement if the inmate so desires. At the hearing on whether the inmate will be classified to Level 5, the defendants must allow the inmate an opportunity to call reasonable witnesses and present documentary evidence as long as permitting him to do so will not be unduly hazardous or burdensome to institutional safety or correctional goals. *Id.* at 566, 94 S.Ct. 2963. Upon request from an inmate being considered for Level 5 classification, the defendants will make reasonable efforts to secure the presence or participation by phone of inmate-witnesses housed at other facilities. However, the ability to present a defense does not extend to the right to cross-examination or confrontation. *See id.* at 567–68, 94 S.Ct. 2963. Nor is the inmate entitled to the

---

**1.** If the defendants elect to use Form 2598 to give an inmate notice, they must limit the grounds stated on the form and the evidence generally described on the form, to support placement at the OSP.

right to counsel. *See id.* at 569–70, 94 S.Ct. 2963.

If the Ohio Department of Rehabilitation and Correction (the "Department") wants to use the statement of a witness whose identity it wishes to withhold, the Department shall "indicate this reliance and shall disclose to the inmate as much of the substance of the information as possible." (Pls.' Proposed Order Attach. 1 at 11). If the warden or the Chief of the Bureau of Classification wishes to rely on a statement that was not made known to the prisoner at the classification committee hearing, they shall follow the same procedure. Before using such information, the warden or the Chief of the Bureau of Classification will provide the inmate a reasonable opportunity to respond through a written statement and/or the submission of documentary evidence.

The classification committee shall make a record of hearings when an inmate is considered for placement to Level 5 security classification at the OSP., An audio recording is sufficient for this purpose. The defendants will retain this record while the inmate is at Level 5 classification at the OSP.

At the conclusion of the hearing, the classification committee shall inform the inmate of its recommendation. The classification committee will prepare a contemporaneous written statement of its recommendation, the justification for its recommendation, and a summary of the evidence supporting its recommendation. The classification committee will supply a copy of the recommendation to the inmate.

■ If the classification committee recommends placement to Level 5 security classification, the Department shall give the inmate notice of his right to appeal and the method for the appeal. The Department will give the inmate reasonable time [2] to prepare and submit a written response to the classification committee's recommendation.

■ After the warden or the warden's designee ("warden/designee") receives the classification committee's recommendation that he be reclassified to Level 5, the warden/designee will independently review the recommendation for consistency with the standards described in Policy 111–07. The warden/designee will recommend a placement. If the warden/designee recommends placement to Level 5, the warden/designee will provide a written justification of all reasons believed to support such a placement and will provide a copy of the recommendation to the inmate. If the inmate disagrees, the Department will allow the inmate to provide written argument and documentary evidence to the Bureau of Classification. The Bureau of Classification will make the final decision.

■ Regarding consideration of placement to a Level 5 security classification, the Bureau of Classification will consider the classification committee and the warden/designee's recommendations and, consistent with section VI(C) of Policy 111–07, will determine whether the inmate should be placed at Level 5. If the Bureau of Classification determines that the inmate should be placed at the Level 5 security classification, the responsible employee of the Bureau of Classification shall record a detailed and specific justification for the decision.

The justification shall set out all grounds justifying the inmates' placement at Level 5 classification and will not use conclusory or boilerplate language. The justification statement shall describe the facts relied upon and the reasoning used. This written statement shall address an inmate's

2. This "reasonable time" shall not be less than twenty-four hours.

specific case and not contain merely vague boilerplate language. The Department shall provide a copy of the Bureau of Classification's written decision to the inmate within five working days.

When the Department conducts its annual hearing on whether an inmate earlier assigned to the OSP because of his Level 5 security classification should be reclassified to a lower classification level, the Department must use the same procedure described for initial placement at the OSP.

## II. Grounds for Level 5 Classification

■ With regard to the grounds justifying placement at the OSP, the defendants may rely upon the grounds set out in section VI(C) of Policy 111–07 with the following changes: First, defendants will revise section VI(C)(4) to set a reasonably specific description of the type and quantity of contraband that will make an inmate eligible for placement at Level 5 classification. As to the quantity of illegal drugs that can subject an inmate to Level 5 classification, the quantity chosen should reflect a level that would subject an inmate to incarceration for at least a third degree felony. Alternatively, section VI(C)(4) could allow Level 5 classification placement for multiple violations involving lesser quantity of drugs.

Upon revising section VI(C)(4), defendants shall submit the proposed revisions to this Court for approval. Until the Court approves a revised section VI(C)(4), the defendants shall not place inmates at the Level 5 security classification for conspiracy or attempt to convey, introduce or possess major contraband.

Second, the defendants will revise Policy 111–07 to clearly set out the type of security group threat or gang involvement that justifies placement at Level 5 classification. Regarding this criteria for placement, Policy 111–07 would be acceptable if it used the criteria formerly employed: "[t]he inmate functions as a leader or en-

forcer of a security threat group." (Pls.' Ex. 2 at 2). The revision to Policy 111–07 should also require that the inmate was a leader, enforcer, or recruiter of a gang involved in violent or disruptive behavior.

■ The Court has found that Policy 111–07's criteria for decisions on retention are vague. While Policy 111–07 sets out appropriately considered factors at pages nine and ten, it fails to give sufficiently definite standards for the use of the factors.

To meet constitutional requirements of notice and justification, the defendants shall revise Policy 111–07 to clearly state the factors to be used for reclassification. Unless an inmate's prior conduct during incarceration resulted in death, or extremely serious bodily harm, the inmate should generally qualify for reclassification to a lower security classification if he has not committed any violence within the previous three years and has no major misconduct within the past two years while placed at the OSP. More generally, unless an inmate's prior conduct during incarceration resulted in death or extreme bodily harm, the Department should only consider "behavior in the last five years, including prior to Level 4 or 5 classification." (Defs.' Ex. C at 9).

At least twice a year, the Department will notify the inmate in writing and orally of the inmate's progress toward security level reduction. Such notice will advise the inmate what specific conduct is necessary for that prisoner to be reduced from Level 5 and the amount of time it will take before the defendants' reduce the inmate's security level classification.

## III. Defendants' Changes to Policy 111–07 and Review Hearings

The defendants will submit proposed changes to Policy 111–07 within thirty days for approval. Until approved by this

Court, no additional prisoners shall be placed on Level 5 unless approved by the Court. After the Court approves the defendants' changes to Policy 111–07, the defendants will comply with all of the provisions of revised Policy 111–07.

To afford inmates currently classified at Level 5 the rights described in this Court's opinion, the defendants shall conduct an additional review of inmate security classifications in compliance with the revised Policy 111–07 approved by this Court. The defendants will complete this classification review within eight weeks of the approval of revisions to Policy 111–07.

### IV. Monitoring and Document Production

The defendants shall provide to the plaintiffs' counsel copies of any additional policies, forms, and other directives adopted by defendants in implementation of this injunction.

The defendants shall provide to the plaintiffs' counsel a list of all members of the class showing the inmates first and last names, incarceration number, date of arrival at the OSP, current privilege and security level and the name of the institutions from which the inmates were transferred to the OSP.

The defendants shall provide to the plaintiffs' counsel copies of all Level 5 placement and retention recommendations and final decisions for class members whenever a placement or retention decision about that prisoner is made, including any and all forms utilized such as security designation forms, supervision review forms, notice of hearing forms, information presented by the inmate, information presented by staff, classification committee reports of Level 5 placement, and privilege/security level review forms.

The defendants' counsel shall meet monthly with the plaintiffs' counsel to facilitate the delivery of documents, and to discuss and, if possible, resolve problems related to the implementation of this order.

### V. Retention of Jurisdiction

The Court will retain jurisdiction over this matter for the purpose of enforcement. This injunction shall terminate in two years upon the motion of either party unless the Court finds that prospective relief is needed to correct an ongoing violation of a federal right. *See* 18 U.S.C. § 3626(b)(1)(A)(i).

IT IS SO ORDERED.